**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2765
_____

UNITED STATES OF AMERICA

v.

MARION BALICE, Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:11-cv-00130)
District Judge:  Honorable Stanley R. Chesler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 23, 2012
Before:  SLOVITER, GREENAWAY, JR and BARRY, Circuit Judges

(Opinion filed  November 29, 2012)
_____

OPINION
_____

PER CURIAM

Appellant Marion Balice ("Balice"), proceeding pro se, appeals from an order of

the United States District Court for the District of New Jersey granting the Government's

motion for summary judgment in its action to reduce Balice's unpaid tax liabilities to

judgment pursuant to 26 U.S.C. § 7402.  For the following reasons, we will affirm.

## A.    Background Relating to 1992 and 1993 Tax Years

Because we write primarily for the parties, we need only recite the facts necessary for our discussion.  On May 5, 1994, the Internal Revenue Service ("IRS") received a joint federal income tax return for the 1992 tax year from Balice and her husband.  Approximately a month later, the IRS assessed a tax liability of $9,351, penalties of $2,276, and interest.  Under 26 U.S.C. § 6502(a)(1), the ten-year limitations period for collection of this assessment was set to expire on June 6, 2004.

On May 6, 1994, the IRS received a joint federal income tax return for the 1993 tax year from the Balices.  Approximately a month later, the IRS assessed a liability of $9,725 along with $484 in penalties and interest.  The ten-year limitations period for this assessment was set to expire on June 13, 2004.  The IRS sent notices of the assessments and demands for payment to Balice, but she failed to pay.  On October 30, 1998, Balice requested an installment agreement, which was denied by the IRS on October 20, 1999.

On August 26, 2002, the IRS Appeals Office received the Balices' timely request for a collection-due-process ("CDP") hearing pertaining, in part, to the tax liabilities for the 1992 and 1993 tax years.  On January 29, 2004, the IRS Appeals Office sustained the IRS's proposed collection action.  The Balices had until February 28, 2004 to file a petition contesting this determination in the Tax Court.  They filed a petition on March 25, 2004, and it was dismissed as untimely by the Tax Court.  On January 18, 2006, the Balices filed for bankruptcy, but their case was dismissed on April 19, 2006.  Balice

alone then filed for bankruptcy on May 16, 2006, but her case was dismissed on November 18, 2009.

## B.     Background Relating to 1996 and 2001 Tax Years

On April 15, 1997, the Balices filed a joint federal income tax return for the 1996 tax year, in which they under-reported their gross income by more than 25 percent. On February 14, 2003, the IRS mailed a tax deficiency notice to the Balices, and they did not petition the Tax Court for a redetermination. On July 21, 2003, the IRS assessed a tax liability of $28,625 along with $26,703 in penalties and interest. The IRS mailed an assessment notice and a demand for payment to the Balices, but they failed to pay.

On July 21, 2006, the IRS received an individual federal income tax return for the 2001 tax year from Balice. On October 2, 2006, the IRS assessed a tax liability of $8,553 along with $1,612 in penalties and interest. The IRS mailed an assessment notice and a demand for payment to Balice, but she failed to pay.

## C.     Procedural History

On January 7, 2011, the Government filed a complaint against Balice, seeking to reduce to judgment the tax assessments for tax years 1992, 1993, 1996, and 2001, totaling $128,069.53 plus statutory interest and costs. After answering, Balice filed a motion to dismiss for lack of jurisdiction and for failure to state a claim on April 1, 2011. In this motion, Balice asserted that the ten-year limitations period on collection for tax years 1992 and 1993 had expired and that the three-year limitations period for the 1996 and

3

2001 assessments had expired. On May 31, 2011, the District Court denied Balice's motion to dismiss.[1]

The Government filed a motion for summary judgment on March 12, 2012, alleging that it had set forth the proper assessment of Balice's tax liabilities and that Balice had produced no evidence to counter the Government's presumptive proof contained in the attached Certificates of Assessments and Payments ("Forms 4340"). In her response, Balice asserted that the ten-year statute of limitations with respect to tax years 1992 and 1993 had expired prior to the filing of the complaint because she was never granted a CDP hearing and because the forms showed an August 8, 2005 entry stating that her tax liability for those years had been cleared and entered as uncollectible. In its reply, the Government argued that the fact that Balice was not granted a CDP hearing was irrelevant and that a subsequent entry on the Forms 4340 indicated that the balances due for 1992 and 1993 had been reinstated. On April 23, 2012, the District Court granted the Government's motion for summary judgment and entered judgment in favor of the Government in the sum of $128,069.53.[2] Balice then timely filed this appeal.

_____

[1] Balice filed two subsequent motions to dismiss. On August 17, 2011, Balice filed a motion to dismiss for failure to join her husband as a required party. This motion was denied by the District Court on November 3, 2011. On February 3, 2012, Balice filed a motion to dismiss that was an exact duplicate of her April 1, 2011 motion. The District Court denied this motion based on the law of the case doctrine on March 5, 2012. The District Court also warned Balice that future frivolous filings would be subject to sanctions pursuant to Federal Rule of Civil Procedure 11.

[2] Balice filed a motion to alter or amend the District Court's order on May 14, 2012. However, the District Court denied this motion on May 18, 2012 after determining that Plaintiff had only re-filed the same brief she had filed to alter or amend the District

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order granting summary judgment. See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate only when the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The moving party has the burden of demonstrating that there is no genuine issue as to any material fact, and summary judgment is to be entered if the evidence is such that a reasonable fact finder could find only for the moving party." Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

III.

On appeal, Balice continues to argue that the Government's suit as to the 1992 and 1993 tax years is untimely because she never received a CDP hearing. Balice also objects, for the first time, to the legitimacy of her own CDP request and to the admissibility of the copy of that request submitted by the Government in support of its motion for summary judgment.

A.      Timeliness of the Government's Suit

Balice's argument that the Government's suit is untimely as to the 1992 and 1993 tax years is without merit. If a taxpayer requests a CDP hearing, "the running of any period of limitations under section 6502 (relating to collection after assessment) . . . shall

Court's May 31, 2011 order denying the Government's motion to dismiss.

be suspended for the period during which such hearing, and appeals therein, are pending. In no event shall any such period expire before the 90th day after the day on which there is a final determination in such hearing." 26 U.S.C. § 6330(e)(1); see also 26 C.F.R. § 301.6330-1(g)(1) (noting that the limitations period for collections will be suspended from the date a taxpayer requests a CDP hearing until the taxpayer withdraws the request or the date the determination resulting from the hearing becomes final because of the expiration of the time for seeking judicial review).

Here, Balice timely mailed her CDP request on August 26, 2002, and on January 29, 2004, the IRS Appeals Office issued a notice of determination in which it sustained the IRS's proposed collection action for the 1992 and 1993 tax years. The statute of limitations with regards to these tax years was suspended pursuant to 26 U.S.C. § 6330(e) for 551 days—from August 26, 2002 to February 28, 2004, the date when Balice's right to judicial review expired. After adding these 551 days to the 1,938-day suspension of the limitations period conceded by Balice,[3] the statute of limitations for tax years 1992 and 1993 had been extended for a total of 2,489 days to June 12, 2011 and June 19, 2011. The Government filed its suit on January 7, 2011; therefore, it was timely filed.

---

[3] As noted above, Balice filed an installment agreement request on October 30, 1998. Pursuant to 26 U.S.C. §§ 6331(k) & 6331(i)(5), the limitations period was suspended for 385 days—from October 30, 1998 until November 19, 1999, thirty days after the IRS rejected the request on October 20, 1999. Furthermore, pursuant to 26 U.S.C. §§ 6503(b) & 6503(h), the limitations period was suspended from the date of each of Balice's bankruptcy filings until their dismissals, plus six months. Accordingly, her two bankruptcy filings suspended the limitations period for 1,553 days.

**B.      Balice's Challenges to the CDP Request and Documentary Evidence**

For the first time on appeal, Balice challenges the legitimacy of her CDP request and the admissibility of the copy of the request submitted by the Government in support of its motion for summary judgment.  If the nonmoving party fails to identify evidence in the record that creates a genuine issue of material fact, that party cannot later argue on appeal that evidence in the record creates a genuine issue of material fact if the district court's attention was not directed to that evidence during summary judgment proceedings.  See Childers v. Joseph, 842 F.2d 689, 694-95 (3d Cir. 1988).  Balice failed to challenge the exhibits relied upon by the Government.  She also failed to submit an affidavit or any evidence raising a factual dispute regarding the validity of her CDP request as required.  See Fed. R. Civ. P. 56(c), (e) (adverse party to motion for summary judgment cannot rest upon allegations or denials of moving party's pleading but instead must set forth specific facts showing a genuine issue of fact through affidavits or otherwise); see also Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007).  Therefore, because Balice failed to challenge the legitimacy of her CDP request in the District Court, she cannot now do so here on appeal.  See Childers, 842 F.2d at 694-95.

Furthermore, because Balice did not object to the admissibility of the copy of her CDP request submitted by the Government, we review her objections for plain error only. See Fed. R. Evid. 103(e).  First, Balice asserts that this evidence does not meet the requirements of Federal Rule of Evidence 901, which provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must

7

produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The burden of proof under Rule 901 is "slight," requiring only "a foundation from which the fact-finder could legitimately infer that the evidence is what the proponent claims it to be." Link v. Mercedes-Benz of N. Am., Inc., 788 F.2d 918, 927 (3d Cir. 1986) (citation omitted) (internal quotation marks omitted). Furthermore, "'[a]ny combination of items of evidence illustrated by Rule 901(b) . . . will suffice so long as Rule 901(a) is satisfied.'" United States v. Reilly, 33 F.3d 1396, 1405 (3d Cir. 1994) (quoting 5 Weinstein's Evidence ¶ 901(b)(1)[01] at 901-32). The Government attached the declaration of IRS Agent Michael MacGillivray to its reply to Balice's opposition to its motion for summary judgment, and in this declaration, Agent MacGillivray attested to personal knowledge of Balice's CDP request. Accordingly, the Government satisfied its burden under the requirements of Rule 901.

Second, Balice argues that the copy of the CDP request does not satisfy the requirements of the "best evidence" rule under Federal Rule of Evidence 1003, which states that "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." As discussed above, Balice has not demonstrated that there is a genuine question regarding the authenticity of the CDP request. Furthermore, she has not alleged that the circumstances rendered it unfair for the Government to submit a duplicate of her CDP request. Accordingly, there is no reason for us to question that the exhibits are not identical to the originals.

IV.

This Court has previously recognized that IRS tax assessments are presumed to be correct.  Francisco v. United States, 267 F.3d 303, 319 (3d Cir. 2001).  After the Government introduces certified records of assessments, the burden shifts to the taxpayer to show that the assessments are incorrect.  See United States v. Green, 201 F.3d 251, 253 (3d Cir. 2000).  Here, Balice has not challenged that her liabilities for tax years 1992, 1993, 1996, and 2001 were duly assessed, and she has not disputed that she incurred these liabilities.  Furthermore, her arguments on appeal are meritless.  For the above reasons, we will affirm the District Court's order granting the Government's motion for summary judgment and entering judgment in favor of the Government for $128,069.53.